[Civ. No. 1118. Second Appellate District.—June 29, 1912.]

## B. F. WALKER, Respondent, v. A. H. DIXON, O. G. DIXON and FRANK S. DIXON, Appellants.

ACTION FOR BALANCE DUE ON NOTE—DEFENSE OF PAYMENT BY OTHER NOTES—EVIDENCE OF COLLATERAL SECURITY—SUPPORT OF FINDING. Where the note in suit had been transferred to a bank for collection, and the makers had transferred other notes to the bank held by them against third parties, which the makers pleaded were transferred to the bank in payment, but the evidence is abundantly sufficient to sustain the finding of the court that the transfer to the bank was by way of collateral security only, and that the amount collected by the bank on the securing notes was insufficient to pay the note secured, it is held that plaintiff, having taken up from the bank the original note, could sue the makers thereon for the unpaid balance, there being no question that the bank properly applied the whole of the money received from the securing notes.

ID.—QUESTION OF LACHES OF BANK IN COLLECTING SECURING NOTES— DISCHARGE OF MAKERS ON SECURED NOTE NOT SHOWN BY RECORD. It is held that there is nothing in the record upon appeal to show that there was any such laches on the part of the bank in collecting the securing notes as would operate to discharge the makers of the note secured, since the maturity of such securing notes is not disclosed, the time when the action was brought thereon does not appear, and there is nothing in the record to indicate laches, even if such defense were otherwise presented by the record.

APPEAL from an order of the Superior Court of Kern County denying a new trial. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

E. L. Foster, for Appellants.

C. E. Arnold, and C. W. Miller, for Respondent.

ALLEN, P. J.—The action was upon a promissory note executed by defendants to one Walker. Walker sold and transferred the note to the Laton State Bank, this being done in 1905. In 1906 defendants, holding certain notes against J. J. Fenn and others, aggregating $1,600, transferred said notes to the bank, under an agreement that when collected the proceeds should be applied, so far as necessary, to the payment of the Walker note, and the balance to be paid to defendants. Subsequently—at what date cannot be determined from the bill of exceptions—an action was brought upon the Fenn notes and $667 collected thereon, which was paid to the bank, leaving a balance due on the Walker note. Walker, upon demand of the bank, as indorser, took up the Dixon note and brought this action to recover the balance unpaid. The answer alleged the payment and discharge of the note. The action was tried by the court, which found in favor of plaintiff and against defendants upon the issue presented. From an order denying a new trial defendants appeal.

The only evidence in the record having the semblance of supporting defendants' answer is the statement of a witness that in 1906, when the Dixons transferred to the Laton State Bank notes aggregating $1,600, payable to them and signed by Fenn, there was an agreement upon the part of the bank that the note sued on should be thereby paid and discharged, and that out of the proceeds when collected the bank, after applying sufficient to discharge the note sued on, should pay the balance to the Dixons. The positive evidence on the part of plaintiff is that the Fenn notes were received by the bank as collateral security for the note sued on, and not otherwise; in fact, the whole evidence in the record indicates such to have been the contract between defendants and the bank. There is and can be no controversy that the bank properly applied all of the money it received upon the Fenn notes. Counsel for appellant suggests such laches upon the part of the bank in the collection of the Fenn notes as would have the effect to discharge the Dixons. There is nothing in this

19 Cal. App.—24

proposition.    The maturity of the Fenn notes is not disclosed, the time when the action was brought does not appear, and there is nothing in the record to indicate laches, even were such a defense otherwise presented by the record.

The findings of the court have ample support from the evidence, and the order denying a new trial is affirmed.

James, J., and Shaw, J., concurred.